| Debtor | **Larry Lavell Craig** | | |
|---|---|---|---|
| | **Kina Lynn Craig** | | |

| United States Bankruptcy Court for the | **MIDDLE DISTRICT OF TENNESSEE** | ☒ Check if this is an amended plan |
|---|---|---|
| | [Bankruptcy district] | |

Case number: **3:15-bk-01289**

Official Form 113
Chapter 13 Plan

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☒ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☒ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

☐ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☒ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$2,628.57 monthly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):  Payroll deduction from Debtor: $781.50 semi-monthly, payroll deduction from Joint Debtor: $491.80 bi-weekly

**2.3 Income tax refunds.**
*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the plan term.

APPENDIX D                              Chapter 13 Plan                              Page 1

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| Debtor | **Larry Lavell Craig** | Case number | **3:15-bk-01289** |
|---|---|---|---|
| | **Kina Lynn Craig** | | |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

_____

_____

**2.4 Additional payments.**
   *Check one.*
   ☒ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**153,445.09**.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1 Maintenance of payments and cure of default, if any.**
   *Check one.*
   ☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| **Name of Creditor** | **Collateral** | **Current installment payment** (including escrow) | **Amount of arrearage, if any** | **Interest rate on arrearage** (if applicable) | **Monthly plan payment on arrearage** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|---|
| **Bayview Financial Loan** | **Location: 1190 Mount Vernon Lane, Mount Juliet TN 37122** | **$1,318.00** | **$25,146.00** | **0.00%**e | per 7.1 | **$104,226.00** |
| | | Disbursed by: ☒x Trustee ☐x Debtor(s) | | | | |
| **Mount Vernon** | **HOA** | **$30.00** | **$330.00** | **0.00%**e | per 7.1 | **$2,130.00** |
| | | Disbursed by: ☒x Trustee ☐x Debtor(s) | | | | |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*
   **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

   ☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

   The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

| Debtor | **Larry Lavell Craig**<br>**Kina Lynn Craig** | Case number | **3:15-bk-01289** |
|---|---|---|---|

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Title Max** | **$1,300.00** | **Location: 1190 Mount Vernon Lane, Mount Juliet TN 37122, 2003 Chevy Tahoe 4WD, 350,000 miles** | **$5,700.00** | **$0.00** | **$1,300.00** | **3.25%** | **$25.00** | **$1,403.07** |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly play payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Auto Masters** | **Location: 1190 Mount Vernon Lane, Mount Juliet TN 37122, 2004 Mercedes E320, 112,000 miles** | **$13,475.00** | **5.25%** | **$255.84** | $15,350.40 |
| | | | | Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | |

*Insert additional claims as needed.*

3.4 Lien avoidance

Check one.
☒ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

Check one
☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Cash Express** | **TV** |

APPENDIX D                                         Chapter 13 Plan                                         Page 3

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy
Case 3:15-bk-01289    Doc 31    Filed 04/19/15    Entered 04/19/15 08:59:12    Desc Main
                              Document      Page 3 of 7

| Debtor | **Larry Lavell Craig** | Case number | **3:15-bk-01289** |
|---|---|---|---|
| | **Kina Lynn Craig** | | |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$7,609.80**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,500.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
☒ The debtor estimates that the total amount of other priority claims to be $**3,310.00**

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.
☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

☐ The sum of $
☒ **55.00** % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **1,167.81** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

☒ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| **Davidson County Criminal Court Clerk** | **Non-dischargeable criminal fines** | $2,000.00 | 0.00% | $2,000.00 |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

APPENDIX D  Chapter 13 Plan  Page 4

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**

1. Filing Fees
2. Noticing Fees
3. Current Installment Payments on secured debt(s) from Part 3.1.
4. Monthly Plan Payment amount on secured debt(s) from Part 3.2 and Part 3.3.
5. Attorney Fees
6. Arrearages on secured debt(s) from Part 3.1.
7. Priority claims without a specified monthly payment.
8. Separately classified unsecured claims.
9. General unsecured claims
10. Claims allowed pursuant to Section 1305.

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☒ entry of discharge.
☐ other: _____

### Part 9: Nonstandard Plan Provisions

*Under Bankruptcy Rule 3015(c),nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

**9.1 Except as provided in 9.2 below, a Proof of Claim must be filed before any secured, unsecured or priority creditor will be paid pursuant to this plan. Only allowed claims will be paid.**

**9.2 Payments on loans from retirement or thrift savings plans described in 362(b)(19) falling due after the petition shall be paid by Debtor(s) directly to the entity entitled to receive payments without regard to whether a Proof of Claim is filed.**

**9.3 Absent objection, a Proof of Claim, not this plan or the schedules, determines the amount of a claim.**

**9.4 If a claim is provided for by this plan and a Proof of Claim is filed, the classification, treatment and payment of that claim -- everything except amount -- shall be controlled by this plan.**

**9.5 Provisions relating to Claims Secured by Real Property Treated Pursuant to 1322(b)(5) are subject to the following conditions: Confirmation of this Plan imposes upon any claimholder treated under Section 3.1 above and holding as**

| Debtor | **Larry Lavell Craig** | Case number | **3:15-bk-01289** |
|---|---|---|---|
| | **Kina Lynn Craig** | | |

collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt no specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

**9.6** Provisions relating to Claims Secured by Real Property Treated Pursuant to 1322(b)(5): If the holder of a claim listed above files a Notice of Mortgage Payment Change under Rule 3002.1, Fed. R. Bankr. P., the Trustee may adjust the postpetition regular payment listed above and payments into the plan in paragraph 2 in accordance with the creditor's notice upon filing a notice of payment adjustment and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee. The Trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is properly filed pursuant to Rule 3002.1, Fed. R. Bankr. P., and to which no objection is raised, at the same disbursement level as the arrearage claim per section 7.1 of this plan.

**9.7** Allowed secured claim holders indicated in Section 3.3 retain liens until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328; or, if the case is dismissed or converted without completion of the plan, such liens shall be retained to the extent recognized by applicable non-bankruptcy law.

**9.8** Postpetition claims allowed per 11 USC 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.

**9.9** Prior to confirmation the Trustee shall pay on account of allowed secured claims as specified in Part 3 above adequate protection payments as required by 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

**9.10** The effective date of the plan shall be the date the confirmation order is entered.

**9.11** Trustee and/or Debtor(s) retain the right to pursue any causes of action for the benefit of the Debtor(s) and/or the estate.

**9.12** If a claim is not provided for by this plan and a Proof of Claim is filed, until the plan is modified to provide otherwise, the claim will receive no distribution.

**9.13 Send Debtor Payroll order to:**

**Project Return, Inc.**
**806 4th Av S**
**Nashville, TN 37210**

**9.18 Send Joint Debtor Payroll order to:**

**CGS Administrators, LLC**
**ATTN: Payroll**
**120 East of Alpine Rd**
**Columbia, SC 29219**

**Part 10: Signatures:**

| X | **/s/ Jon Daniel Long** | Date | **April 19, 2015** |
|---|---|---|---|
| | **Jon Daniel Long** | | |

**Signature of Attorney for Debtor(s)**

| X | **/s/ Larry Lavell Craig** | Date | **April 19, 2015** |
|---|---|---|---|
| | **Larry Lavell Craig** | | |

| X | **/s/ Kina Lynn Craig** | Date | **April 19, 2015** |
|---|---|---|---|
| | **Kina Lynn Craig** | | |

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

APPENDIX D                                      Chapter 13 Plan                                      Page 6

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy
Case 3:15-bk-01289    Doc 31    Filed 04/19/15    Entered 04/19/15 08:59:12    Desc Main
Document      Page 6 of 7

| | | |
|---|---|---:|
| Debtor | **Larry Lavell Craig**<br>**Kina Lynn Craig** | Case number **3:15-bk-01289** |

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | **$106,356.00** |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | **$1,403.07** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | **$15,350.40** |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | **$0.00** |
| e. | **Fees and priority claims** (Part 4 total): | **$14,419.80** |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | **$13,915.82** |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | **$0.00** |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | **$0.00** |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | **$2,000.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)  + | **$0.00** |
| | **Total of lines a through j**.................................................................................................... | **$153,445.09** |